WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—June, 1880.

### MEAD *v.* JENKINS.

*In the matter of the application of* GEORGE W. MEAD, *a creditor, to sell the real estate of* JOHN P. JENKINS, *deceased, for the payment of debts.*

The petitioner received from the intestate a demand note for $1,000, dated February 11, 1871. On April 14, 1871, letters of administration were issued on the estate of the intestate. On November 1, 1877, the petitioner recovered judgment against the administrators. On October 17, 1877, the administrators rendered an account in which they recognized the validity of petitioner's claim. In November, 1879, the real estate of the intestate was sold in an action of partition to which the petitioner was not a party. At the sale, the petitioner gave notice of his claim. In February, 1880, the petitioner filed his petition for the sale of the real estate. *Held,* (1), that the Surrogate had power to proceed, not-

withstanding the partition proceedings, the petitioner not having been made a party thereto.

(2) That the three years' limitation after the grant of letters, within which an application for the sale of real estate must be made, runs only in favor of purchasers in *good faith*, and for value. (*Laws of* 1873, ch. 211.)

(3) That the claim of the petitioner was, however, barred by the statute of limitations, and that the admission of its validity by the administrators could not revive it as against the heirs. (2 *R. S.*, 101, § 10.)

(4) That the petitioner was not entitled to the benefit of § 53, 2 *R. S.*, 109, which declares that no suit shall be brought against the heirs or devisees of any real estate, in order to charge them with the debts of the testator or intestate, within three years from the grant of letters, as the section applies solely to actions in the Supreme Court, and not to proceedings of this kind.

*It seems* that where, in a proceeding by a creditor for the sale of real estate to pay debts, the validity of the creditor's claim is denied, the ordering of issues to be framed on that question, to be tried at circuit, is discretionary with the court, and may be refused where that course would entail needless delay and expense.

APPLICATION by creditor of decedent for sale of latter's real estate.

On February 11, 1871, John P. Jenkins, the intestate, obtained a loan of $1,000 from the petitioner, for which he gave his promissory note, payable on demand; he died within two months thereafter, and letters of administration on his estate were issued on April 14, 1871. In the year 1877 the petitioner sued the administrators for the recovery of his claim, and obtained judgment against them on November 1, 1877. The administrators, on October 17, 1877, rendered an account of their proceedings, in which they recognized the petitioner's claim as valid. In November, 1879, the real estate of the intestate was sold in an action of partition, the petitioner giving notice, at the sales, of his claim. In February, 1880, Mr. Mead filed his petition in this matter, and the proper parties were duly notified.

GEORGE W. MEAD, *in person.*

W. L. COBB, *for widow and minor heirs.*

S. S. MARSHALL, *for some of adult heirs.*

SAMUEL WATSON, *for Evelyn J. Watson, an heir-at-law.*

W. G. HART, *for Murty Gilligan, a purchaser at the partition sale.*

THE SURROGATE.—I have no doubt of my power to proceed in this matter, notwithstanding the fact that the Supreme Court acted in the disposal of the real estate in the action of partition.   Had the petitioner been a party to that action, the case would have been different.   Nor do I think the objection to the power of this court to take cognizance of the case, because three years have elapsed since the grant of letters and the property has been sold, is tenable.   By the act of 1873 (ch. 211), the three years' limitation is only made applicable as against purchasers in *good faith* and for value.   Here it is shown that they purchased with full notice of the claim.

The interposition, however, of the objection of the statute of limitations to the petitioner's claim, seems to be fatal to his right to maintain this proceeding.   The statute expressly provides that any heir or devisee, or person claiming under them, may, on a hearing of this nature, set up the statute of limitations in bar of any debts or claims which may be represented as existing against the testator or intestate.   (2 *R. S.*, 101, § 10.)   And it further declares that no admission of a claim so barred, by any executor or administrator, shall be deemed to revive the same, so as in any way to affect the real estate of the deceased. Hence, the admission made by the administrators on their accounting is of no effect.   (And see Bloodgood *v.*

Bruen, 8 *N. Y.*, 362.) This section, obviously, has reference to the ordinary six years' limitation. I know of no provision limiting the running of the statute, or excepting any period of time during which it shall not run, save section 403 of the Code, which, in substance, provides that the term of eighteen months, after the death of any testator or intestate, shall not be deemed any part of the time limited by law for the commencement of actions *against his executors or administrators ;* section 8, 2 *R. S.*, 448, having been repealed by the "Repealing Act." Whether that section of the Code is applicable in a case of this nature, it is not now material to inquire, as will hereafter appear. It is insisted that the claimant is entitled to the benefit of the provision contained in section 53, 2 *R. S.*, 109, which declares that no *suit* shall be brought against the heirs or devisees of any real estate, in order to charge them with the debts of the testator or intestate, within three years from the time of granting letters. That section relates solely to an *action* in the Supreme Court, against the heirs or devisees, and, if the petitioner's interpretation of its meaning be correct, then it is directly in conflict with the provisions of the very section on which he has based this proceeding ; for the latter provides that any creditor, after the executors or administrators shall have rendered an account of their proceedings, may, *at any time,* make such an application as this. The statute commenced to run on February 11, 1871, when the demand note, on which this claim is based, was dated.

Within a month or two thereafter the intestate died, and letters of administration on his estate were issued on April 14, 1871. On October 15, 1872, the eighteen months

excepted from the running of the statute as to the time for commencing an action against the administrators, if that is to be regarded here, had expired, and the statute again commenced to run. At that date the creditor could have commenced proceedings to compel the administrators to render an account of their proceedings, and immediately on their doing so, and it appearing that the assets were insufficient to pay the debts, he could have, at once, commenced a like proceeding to this with a view to compelling a sale of the real estate to pay his debt (Ferguson *v.* Broom, 1 *Bradf..* 10), although the three years provided for in section 53 had not then expired. That section does not, in any way, apply to, or affect a proceeding of this nature. The genius of the law requires the settlement of titles to real estate as speedily as it can be done with a due regard to the rights of parties ; and a creditor, having a claim which is a lien, or quasi lien, on the real estate of deceased persons, must be diligent to enforce it in order to the protection of the grantees of heirs and devisees. The term limited for the commencement of proceedings by the claimant to recover his claim having expired as early, at least, as October 15, 1878, his present application must fail on that ground.

Gilligan, one of the purchasers at the partition sale, has a tax title, given on a sale for taxes levied before his purchase. As to him, I am inclined to think he is protected by that title as against this proceeding.

There were other questions raised which I deem it unnecessary to consider.

The validity and ownership of the petitioner's claim were disputed, and a demand was made by the contestants, that as to those questions, issues should be made

up and sent for trial at the Circuit, before a jury, under section 11, 2 *R. S.*, 102. That is a discretionary power, the exercise of which, in this case, would have entailed needless delay and expense.

The application must be dismissed, with costs against the petitioner.

Ordered accordingly.